

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| JASON THOMAS BOSTON,<br>　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF<br>CORRECTIONS,<br>　　　　　Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 5:15-01797-MGL<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THIS ACTION WITHOUT PREJUDICE
### AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that this action be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 5, 2015, and the Clerk of Court entered Plaintiff's objections on June 17, 2015. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

First, the Court overrules Plaintiff's objections because they are non-specific. But second, and more importantly, the Court overrules Plaintiff's objections because, as detailed below, South Carolina and its agencies are protected from this suit under the doctrine of sovereign immunity.

Plaintiff claims violations of his constitutional rights by the South Carolina Department of Corrections (SCDC). The state's sovereign immunity, however, bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). Although sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies here. Consequently, inasmuch as Plaintiff's claims against SCDC, a state agency, are barred by the state's sovereign immunity, SCDC is entitled to summary dismissal of Plaintiff's suit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that this action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 25th day of June, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.